[No. 19018.   Department One.   April 21, 1925.]

INLAND EMPIRE DAIRY PRODUCERS ASSOCIATION, *Appellant*, v. E. A.
CASBERG *et al.*, *Respondents.*[1]

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered March 15, 1924, upon findings in favor
of the defendants, in an action for an injunction, tried to the court.
Affirmed.

*Garrecht & Twohy*, for appellant
*William Hatch Davis* and *Guy B. Groff*, for respondents.

PARKER, J.—This is a companion case to *Inland Empire Dairy
Producers Association v. Melander, ante* p. 145, 235 Pac. 12.   They
were by consent tried in the superior court at the same time, though
they come here by separate records.   The same relief is here sought
by the plaintiff association as in that case.   The clearly proven
facts in this case, as we view them, after a careful reading of all
the evidence, brought here by a full statement of facts, render it
plain to us that this case must be decided in favor of Casberg and
wife upon the same grounds as that case was decided in favor of
Melander and wife.   The membership marketing contract between
the association and Mr. Casberg in  behalf of the community here
involved was exactly the same in all its terms as the one there in-
volved, except that it was to become effective June 1, 1922, prior
to which time, to wit, May 16, 1922, Mr. Casberg conveyed by duly
executed bill of sale to his wife the 12 cows constituting the dairy
stock of their dairy; the cows and business to thereafter be the
sole and separate property of Mrs. Casberg.

Thereafter Mr. Casberg ceased to have any control over or prop-
erty right in the cows or the business.   No milk was ever furnished
under the contract, he refusing to furnish milk to the association
because he and the community had gone out of the dairy business,
and she refusing to furnish milk to the association because she
was not bound separately by the contract entered into with the
association.   Just what was the consideration for the .conveyance
of the cows and the business by Mr. Casberg to his wife is not ren-
dered certain, the conveyance reciting the "sum of $1 and other
valuable consideration."   The conveyance, in any event, conveyed
absolute title in the cows to Mrs. Casberg, even if it be viewed as a
pure gift from him to her.   Thereafter Mr. Casberg, who was in
failing health, entered upon another vocation less strenuous as far
as demands upon his physical energy was concerned.   In any event,

[1]Reported in 235 Pac. 13.

he thereafter renounced all claim of ownership in the cows and the business, and has at all times since then recognized her absolute separate ownership thereof. To further discuss this case would be but to repeat in substance the views expressed by us in the disposition of the case of the association against Melander and wife.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BRIDGES and ASKREN, JJ., concur.